UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RESHEDA MOON,

        Plaintiff,                            Case Number: 2:15-CV-12131
                                                    HON. ARTHUR J. TARNOW

v.

GOLSON, ET AL.,

        Defendants.

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

**I.**

Pending before the Court is Plaintiff Resheda Moon's *pro se* civil rights complaint filed under 42 U.S.C. § 1983. Plaintiff is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). Plaintiff claims that her placement in a ten-person cell violated her rights under the Eighth Amendment. She also claims that defendants denied her a prison porter job in retaliation for filing grievances about her housing assignment. She seeks monetary and injunctive relief. For the reasons which follow, the complaint is dismissed for failure to state a claim upon which relief may be granted.

**II.**

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as


"a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, *Twombly*, 550 U.S. at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (*quoting Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (*quoting Twombly*, 550 U.S. at 557).

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. Under the Prison Litigation Reform Act ("PLRA"), the court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the Court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable

basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must allege that: (1) she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

### III.

Plaintiff's complaint challenges her housing assignment and claims she was denied a particular prison job assignment in retaliation for filing grievances about her housing assignment. First, Plaintiff challenges her assignment to a ten-person cell on the ground that it violated her Eight Amendment right to be free from cruel and unusual punishment. Plaintiff states that on September 23, 2014, she was moved to a ten-person cell. She repeatedly requested reassignment to a two- or three-person cell because the ten-person cell is detrimental to her mental health. Plaintiff states that, at her request, her treating physician requested that she be returned to a two-person cell, but makes no allegation that her treating physician found this to be medically necessary. A little over two months after she was placed in the ten-person cell, Plaintiff was involved in an altercation with another inmate resulting in her being placed in segregation. Plaintiff states she was then moved to the acute housing unit that she requested.

"[T]he Eighth Amendment prohibits punishments which, although not physically barbarous, involve the unnecessary and wanton infliction of pain, or are grossly

3

disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (citation omitted) (internal quotation marks omitted).  While there is no "static test" to determine whether the conditions of confinement violate the Eighth Amendment, prison officials violate the Eighth Amendment when they act with deliberate indifference to an inmate's health or deprive an inmate of basic human needs, food, medical care or sanitation.  *Id.* at 346-47.  "'Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment.'"  *Richmond v. Settles*, 2011 WL 6005197, *5 (6th Cir. Dec. 2, 2011) (quoting *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987)).  An Eighth Amendment conditions-of-confinement claim has both a subjective and objective component.  *Id.*  The objective component requires a plaintiff to show that the deprivations to which he has been subjected deprived him of "the minimal civilized measure of life's necessities."  *Rhodes*, 452 U.S. at 347 (1981).  The subjective component requires the plaintiff to demonstrate that the prison officials acted wantonly, with deliberate indifference to the plaintiff's serious needs.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  To sustain an Eighth Amendment claim of deliberate indifference to medical needs, a prisoner must satisfy a two-prong test.  First, she must demonstrate that the medical needs were serious and required attention that adhered to "contemporary standards of decency."  *Hudson v. McMillian*, 503 U.S. 1, 8 (1992).  Then, she must establish that defendants were deliberately indifferent to those needs.  *Id.*  Deliberate indifference exists when "the official knows of and disregards an excessive risk to inmate

4

health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970 (1994).

Plaintiff's claim regarding her assignment to a ten-person cell fails to allege a colorable Eighth Amendment violation. "It is well settled that the decision where to house inmates is at the core of prison administrators' expertise." *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). Plaintiff's claim that "living with that many personalities was too much for" her fails to satisfy either the objective or subjective component of an Eighth Amendment claim. Complaint at 4. Rooming with fewer fellow inmates may have been preferable to Plaintiff, but nothing in her complaint would support a conclusion that the failure to change her housing assignment created an excessive risk to her health or safety. In addition, based upon the allegations in the complaint, Plaintiff's assignment to the ten-person cell was limited to a little over two months. Plaintiff's claim that her housing placement violated her rights under the Eighth Amendment fails to state a claim under § 1983.

Next, Plaintiff complains that she has been denied a job as a porter in retaliation for complaining about her housing assignment. To state a claim for retaliation under the First Amendment, a plaintiff must allege that (1) she engaged in protected conduct, (2) an adverse action was taken against her that would deter a person of ordinary firmness from engaging in that protected conduct, and (3) there is a casual connection between the first two elements, i.e., the adverse action was motivated at least in part by the plaintiff's

5

protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999). The adverse action must be one that would deter a person of ordinary firmness from the exercise of the right at stake, which here is the filing of grievances against prison officials. *Id.* at 396.

Filing non-frivolous grievances and lawsuits is a constitutionally-protected activity. *Siggers-El v. Barlow*, 412 F.3d 693, 699 (6th Cir. 2005). The Court will assume for this analysis that Plaintiff did not act frivolously in filing grievances regarding her housing assignment. Thus the Court must next determine whether Plaintiff suffered an adverse action which would deter a person of ordinary firmness from engaging in protected conduct.

In *Jewell v. Leroux*, 20 F. App'x 375 (6th Cir. 2001), the Sixth Circuit noted that "[a] prisoner has no constitutional right to prison employment," and found that a prisoner who alleged that he was transferred and lost his prison job in retaliation for filing grievances had not set forth facts showing that he suffered an adverse action. *Id.* at 377-78. In *Siggers-El*, the Sixth Circuit Court of Appeals found that a transfer which stripped a prisoner of a high-paying prison job and jeopardized his ability to pay for his criminal defense attorney may be an adverse action. 412 F.3d at 701-02. Central to the Court of Appeals' holding in *Siggers-El* was the fact that the consequences of the transfer implicated the plaintiff's right of access to the courts and "would deter a person of ordinary firmness from engaging in protected conduct." *Siggers-El*, 412 F.3d at 701-02. Here, Plaintiff was not transferred to another facility or terminated from a prison job. Instead, she was not assigned a prison job she desired. In contrast to the circumstances

present in *Siggers-El*, the failure to assign Plaintiff a porter position does not implicate a protected constitutional right. The failure to be assigned a prison job to which she had no constitutional right and which implicated no constitutional right is not an "adverse action" under the retaliation standard. *Accord Diamond v. Jackson*, No. 5:15CV-P164-GNS, 2016 WL 411112, *4 (W.D. Ky. Feb. 2, 2016).

Accordingly, the complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief may be granted.

**SO ORDERED**.

s/Arthur J. Tarnow
ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

DATED: February 23, 2016